UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| AMERICAN BUILDERS INSURANCE COMPANY RISK RETENTION GROUP, INC., <br><br> Plaintiff, <br><br> v. <br><br> HERNANDEZ CADENA CONSTRUCTION, LLC and G & S SUPPLY CO., <br><br> Defendants | CASE NO.: 9:25-cv-13270-BHH <br><br> PLAINTIFF'S DECLARATORY JUDGMENT COMPLAINT |

NOW COMES Plaintiff American Builders Insurance Company Risk Retention Group, Inc. ("ABIC") complains of Defendants Hernandez Cadena Construction, LLC ("HCC") and G&S Supply Co. ("G&S") and alleges:

**Parties, Jurisdiction, and Venue**

1. ABIC is registered to conduct business in the state of South Carolina and is domiciled in Alabama.

2. ABIC is a risk retention group insurer. It issued Commercial General Liability Policy No. SBIC-019823-00 to HCC for the period October 26, 2022 to October 26, 2023 (the "Policy"). A copy of the Policy is attached hereto as Exhibit "A."

3. HCC is a South Carolina limited liability company with its registered agent located at 1324 Winterberry Avenue, Goose Creek, South Carolina 29445.

4. G&S is a South Carolina corporation with its registered agent located at 233 King George Street, Charleston, South Carolina 29492.

5.  This Court has subject-matter jurisdiction under 28 U.S.C. § 1332(a) because there is complete diversity and the amount in controversy exceeds $75,000 exclusive of interest and costs.

6.  Venue is proper in the Beaufort Division because the underlying incident occurred at Palmetto Bluff, Lot 6122, 59 Marsh Rabbit Street, Bluffton, Beaufort County, South Carolina (the "Project"), and HCC and G&S are located or do business within this Division.

## Background and Underlying Claims

7.  On November 10, 2022, HCC executed a subcontract agreement with G&S for a 24-month term requiring HCC to carry CGL insurance of not less than $1,000,000 per occurrence and $2,000,000 aggregate, naming G&S as an additional insured on a primary and non-contributory basis for ongoing and completed operations; the agreement contains an indemnity in favor of G&S but does not expressly provide a duty to defend.

8.  On November 10, 2022, HCC executed a subcontract agreement with G&S for a 24-month term requiring HCC to carry CGL insurance of not less than $1,000,000 per occurrence and $2,000,000 aggregate, naming G&S as an additional insured on a primary and non-contributory basis for ongoing and completed operations; the agreement contains an indemnity in favor of G&S but does not expressly provide a duty to defend.

9.  On January 11, 2023, Juan Pablo Martinez Lopez (the "Claimant") allegedly fell through a skylight hole on the Project and sustained serious bodily injury.

10. Upon information and belief, the Project is part of a tract housing project or development, which per the Policy is defined as "any housing project or development that includes the construction, repair or remodel of ten (10) or more residential buildings in any or all phases of the project or development."

11. On March 10, 2025, Claimant filed a bodily injury negligence suit in the Beaufort County Court of Common Pleas, Case No. 2025-CP-07-00561, naming JPARKERHOMES, LLC and G&S as defendants and seeking actual and punitive damages.

12. On May 9, 2025, G&S filed a Third-Party Complaint against HCC asserting negligence/gross negligence, breach of warranty, breach of contract, and indemnity, and alleging, inter alia, duties regarding performance free from defects and compliance with plans, specifications, and codes.

13. On October 28, 2025, HCC issued a claim denial notice to HCC, a true and correct copy of which is attached hereto as Exhibit "B."

## The Policy and Pertinent Provisions

14. The Policy is a CGL occurrence form, effective October 26, 2022, to October 26, 2023, with $1,000,000 each occurrence and $2,000,000 general aggregate limits.

15. The Policy includes, among other terms, Contractual Liability exclusion (with insured contract carve-outs); Tract Housing exclusion; Medical Payments coverage with one-year reporting requirement; Punitive or Exemplary Damages exclusion; "Occurrence" requirement; "Damage to Your Product/Your Work/Impaired Property" exclusions; Contractors Special Condition endorsement; Incomplete or

Abandoned Work exclusion; and a Thirty-Day Record Production condition. <u>See</u> Exhibit A.

### ABIC's Coverage Position

16. On October 28, 2025, ABIC, through counsel, issued a notice advising HCC that coverage is denied based on Policy limitations and exclusions and reserving all rights, including the right to file a declaratory judgment action. <u>See</u> Exhibit B.

17. ABIC contends, inter alia: (a) the Contractual Liability exclusion bars coverage for G&S's contractual defense/indemnity demand; (b) the Tract Housing exclusion applies to Palmetto Bluff, a development with 1,367 units; (c) Medical Payments are barred due to late notice beyond one year; (d) punitive/exemplary damages are excluded; (e) there is no pleaded "occurrence" against HCC causing covered "bodily injury" or "property damage"; (f) "your work/your product/impaired property" exclusions potentially bar property-based third-party claims; (g) HCC's noncompliance with the Contractors Special Condition endorsement bars coverage for work by independent contractors; (h) Incomplete or Abandoned Work exclusion may apply; and (i) the Thirty-Day Record Production condition is a condition precedent not yet satisfied. <u>See</u> Exhibit B.

### Actual Controversy

18. An actual, ripe controversy exists between ABIC, HCC, and G&S concerning whether ABIC owes any duty to defend or indemnify HCC with respect to the Third-Party Complaint in the Lopez action, and whether G&S qualifies for coverage as an additional insured under the Policy, given the Policy's terms, conditions, exclusions, and endorsements and the nature of the claims tendered.

19. ABIC brings this matter pursuant to the South Carolina Code Annotated § 15-53-10, *et. seq.* and involves an actual, justiciable controversy between the parties as described herein.

20. Federal declaratory judgment is appropriate to resolve the parties' rights and obligations under 28 U.S.C. § 2201 and Fed. R. Civ. P. 57.

## First Cause of Action

## Declaratory Judgment (Duties to Defend and Indemnify)

21. ABIC reincorporates Paragraphs 1–20.

22. ABIC seeks a declaration that it owes no duty to defend or indemnify HCC concerning G&S's Third-Party claims to the extent they seek contractual defense and indemnification, by operation of the Contractual Liability exclusion.

23. ABIC seeks a declaration that claims arising out of operations incorporated into a "tract housing project or development," including Palmetto Bluff with 1,367 units, are excluded.

24. ABIC seeks a declaration that Medical Payments coverage does not apply due to notice more than one year after the January 11, 2023 accident.

25. ABIC seeks a declaration that punitive or exemplary damages are excluded.

26. ABIC seeks a declaration that there is no "occurrence" alleged against HCC giving rise to covered "bodily injury" or "property damage," based on the disparity between the bodily injury complaint against G&S and the property/workmanship-type allegations in the G&S Third-Party Complaint against HCC.

27. ABIC seeks a declaration that the "your product," "your work," and "impaired property" exclusions bar or limit coverage for any claims premised on damage to HCC's own work or non-injury impairment.

28. ABIC seeks a declaration that the Contractors Special Condition endorsement bars or limits coverage because HCC did not obtain, prior to the start of work, written indemnity agreements, additional insured certificates with required limits, workers' compensation proof, and license/permit proof from independent contractors, and did not maintain records as required.

29. ABIC seeks a declaration that the Incomplete or Abandoned Work exclusion bars or limits coverage for allegations based on failure to complete work or abandonment.

30. ABIC seeks a declaration that HCC's failure to provide records within thirty days of claim submission, or a "No Records Affidavit," forfeits any duty to defend or indemnify as a condition precedent under the Thirty-Day Record Production endorsement.

31. ABIC seeks a declaration that any purported additional insured status of G&S—asserted via COI or subcontract—does not create coverage broader than the Policy's terms and that, in any event, the above exclusions and conditions bar or limit any additional insured coverage for G&S.

## Second Cause of Action

## Declaratory Judgment (No Additional Insured Coverage for G&S)

32. ABIC reincorporates Paragraphs 1–31.

33. A certificate of insurance does not amend, extend, or alter coverage and confers no rights without the required endorsements; any additional insured status is subject to all terms, exclusions, and conditions.

34. ABIC seeks a declaration that G&S is not an additional insured under the Policy for the subject claims or, alternatively, that any such status affords no defense or indemnity due to the Policy's exclusions and conditions identified above.

### Third Cause of Action

### Declaratory Judgment (Allocation/Special Verdict)

35. ABIC reincorporates Paragraphs 1–34.

36. To the extent any defense or indemnity could be owed in part, ABIC seeks a declaration authorizing allocation between covered and non-covered damages and use of special interrogatories or special verdicts to effect such allocation.

### Prayer for Relief

WHEREFORE, ABIC respectfully requests that the Court enter judgment:

A. Declaring that ABIC owes no duty to defend or indemnify HCC in connection with G&S's Third-Party claims in Case No. 2025-CP-07-00561 based on the Policy's exclusions, limitations, and conditions, including but not limited to those cited above.

B. Declaring that G&S is not an additional insured for the subject claims, or alternatively, that any additional insured coverage is barred or limited by the Policy's terms and conditions.

C. Declaring that punitive or exemplary damages are not covered.

D. Declaring that Medical Payments coverage is unavailable due to untimely notice beyond one year from the accident.

E. Authorizing or directing allocation of any potentially covered and non-covered damages through special interrogatories or a special verdict form.

F. Awarding ABIC its costs as permitted by law, and granting such other and further relief as the Court deems just and proper.

Respectfully submitted:

*s/ Christopher C. Mingledorff*
Christopher C. Mingledorff
South Carolina Bar No. 100390
S.C. District Court Bar No. 12034
MINGLEDORFF LAW GROUP, LLC
100 Coastal Drive, Suite 210
Charleston, South Carolina 29492
(843) 377 - 8295 – Telephone
chris@mlegalteam.com
***Attorney for Plaintiff***

November 4, 2025
Charleston, South Carolina