UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| American Builders Insurance Company Risk Retention Group, Inc.<br><br>Plaintiff,<br><br>v.<br><br>Hernandez Cadena Construction, LLC and G & S Supply Co.,<br><br>Defendant. | Case No.: 9:25-cv-13270-BHH<br><br>**ORDER** |

This matter is before the Court on Plaintiff American Builders Insurance Company Risk Retention Group, Inc.'s ("Plaintiff") motion for default judgment as to Defendant Hernandez Cadena Construction, LLC ("HCC"). (ECF No. 10.)

**Background**

On November 4, 2025, Plaintiff filed its summons and complaint against Defendants HCC and G & S Supply Co., seeking declaratory relief regarding a policy of insurance issued by Plaintiff to Defendant HCC (ECF No. 1-1), and the October 28, 2025, denial of coverage and notice of reservation of rights letter (ECF No. 1-2).

On November 5, 2025, the complaint was sent to a process server for service upon Defendant HCC's registered agent, Jesus Hernandez Cadena. On November 6, 2025, attempted service was made at the registered agent's address as published by the South Carolina Secretary of State. On November 10, 2025, the Complaint was returned unexecuted via an affidavit of non-service. (See ECF No. 5). Therefore, on November 10, 2025, the complaint was served upon the Office of the South Carolina Secretary of State for process service. On November 17, 2025, the

South Carolina Secretary of State accepted service on behalf of Defendant HCC. (See ECF No. 6.) Therefore, service on Defendant HCC was accomplished via Federal Rule of Civil Procedure 4(h)(1)(A) and 4(e)(1), and South Carolina Code Ann. § 15-9-210.

As of January 15, 2026, Defendant HCC has not filed responsive pleadings or otherwise contacted counsel for Plaintiff. Therefore, on January 15, 2026, the Clerk of the Court entered default as against Defendant HCC. (ECF No. 8.)

**Defendant HCC's Admissions as a Matter of Law**

By virtue of the default, Defendant HCC has admitted it is a limited liability company with its registered agent located in Berkeley County, South Carolina. (ECF No.1, ¶ 3.) Defendant HCC has admitted it is either located in or does business within Beaufort County, South Carolina. (*Id*. at ¶ 6.) On October 26, 2022, Plaintiff issued a commercial general liability policy to Defendant HCC, Policy # SBIC-019823-00, that was effective from October 26, 2022, to October 26, 2023 (the "Policy"). (*Id*. at ¶ 2.) A copy of the Policy is attached to the complaint as Exhibit A.

On November 10, 2022, Defendant HCC entered a 24-month term contractual relationship with G&S Supply Co. ("G&S") to provide labor, services, and materials for ongoing construction projects; the agreement contains an indemnity in favor of G&S but does not expressly provide a duty to defend. (*Id*. at ¶ 8.)

On January 11, 2023, Juan Pablo Martinex Lopez ("Lopez") sustained serious bodily injury after allegedly falling through a skylight hole at a construction project located at Palmetto Bluff, Lot 6122, 59 Marsh Rabbit Street, Bluffton, Beaufort County, South Carolina (the "Property"). (Id. at ¶ 9). The Property is part of a tract housing development with 1,367 units as defined in the Policy's Tract Housing exclusion. (*Id*. at ¶ 10.)

On March 10, 2025, Lopez filed a negligence action in Beaufort County Court of Common Pleas, Case No. 2025-CP-07-00561, naming JPARKER HOMES, LLC and G&S as defendants (the "Underlying Action"). (*Id*. at ¶11.) On May 9, 2025, in the Underlying Action, G&S filed a third-party complaint against Defendant HCC, asserting claims for negligence/gross negligence, breach of warranty, breach of contract, and contractual indemnity. (*Id*. at ¶12.)

On October 28, 2025, Plaintiff issued a coverage denial to Defendant HCC, reserving all rights, including the right to seek declaratory relief, regarding the Underlying Action. (*Id*. at ¶16.) A copy of the notice of reservation of rights is attached to the Complaint as Exhibit B.

Plaintiff's October 28, 2025, written notice to Defendant HCC denies there is coverage for the claims in the Underlying Action because:

a. The Policy excludes coverage for bodily injury or property damage that the Defendant HCC is obligated to pay because of liability assumed in a contract. Given that G&S is seeking defense and indemnity from Defendant HCC pursuant to a subcontract agreement between them, the liability arises from that subcontract and Defendant HCC would not have liability absent the subcontract, thus the exclusion applies;

b. The Policy excludes coverage for bodily injury arising from work incorporated into a "tract housing project" defined as any development with 10 or more residential buildings. Given that the bodily injury allegations arises from Defendant HCC's work performed at the Property, which is described as having 1,367 units, Defendant HCC's work is incorporated into a "tract housing project" and the incident arises from Defendant HCC's work on "tract housing project," the Policy offers no coverage for claims arising from this work;

c. The Policy provides coverage for medical payments for bodily injury caused by an accident but only if the expenses are incurred and reported to Plaintiff within one year of the accident. The date of the loss was January 11, 2023, but Plaintiff was not notified until April 17, 2025, over two years later, thus Defendant failed to provide Plaintiff with timely notice of the Underlying Action or claims therein;

d. The claims asserted in the Underlying Action include a claim for punitive damages for which there is no coverage pursuant to the Policy;

e. The claims asserted in the Underlying Action do not include any allegations that Defendant HCC's work was defective, or that there are any damages to the Property, or caused an accident or damage, thus without a clear "occurrence" tied to Defendant HCC's work, there is no trigger for coverage;

f. To the extent the claims asserted in the Underlying Action include damage to Defendant HCC's work, there is no coverage pursuant to the Policy;

g. Defendant HCC failed to comply with the Contractors Special Condition of the Policy, specifically by failing to obtain, from any independent contractors who worked at the Property, a written indemnity agreement and certificates of insurance naming Defendant HCC as an additional insured;

h. The Policy excludes coverage for claims based on the Defendant HCC's failure to complete work or abandonment of a project. The claims in the Underlying Action describe the incident as occurring during ongoing construction, thus Defendant HCC's work was incomplete at the time of the incident; and

i. The Policy contains a condition precedent to coverage to provide all records related to the incident within 30 days of the claim submission or an affidavit that no records

exist. Defendant HCC has not provided the required records nor submitted an affidavit stating that no records exist.

## CONCLUSION

This Court has authority to grant declaratory relief and judgment and to declare the rights and other relations of these interested parties pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 and, since this Court is sitting in diversity, pursuant to the South Carolina Uniform Declaratory Judgments Act, S. C. Code Ann. § 15-53-10 *et seq.*,. and § 15-53-40 relating specifically to construction of an insurance contract. Plaintiff is therefore entitled to a declaration that there is no coverage pursuant to the Policy for the claims brought forth in the Underlying Action. **Accordingly, this Court grants Plaintiff's motion for default judgment as to Defendant HCC (ECF No. 10) and declares that there is no coverage pursuant to the Policy for the claims brought forth in the Underlying Action.**

/s/Bruce H. Hendricks
United States District Judge

March 30, 2026
Charleston, South Carolina